# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROXANNE ARI,

Plaintiff,

v.

J. ALLEN,

Defendant.

_______________________________________/

CASE NO. 1:10-CV-01733-LJO-DLB PC

FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM

(DOC. 1)

OBJECTIONS DUE WITHIN TWENTY-ONE DAYS

## **Findings and Recommendation**

### **I. Background**

Plaintiff Roxanne Ari ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing her complaint on September 22, 2010. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II. Summary Of Complaint**

Plaintiff is currently incarcerated at Central California Women's Facility ("CCWF") in Chowchilla, California, where the events giving rise to this action occurred. Plaintiff names as Defendant correctional officer J. Allen.

Plaintiff alleges the following. On July 17, 2010, Defendant Allen refused to give Plaintiff her quarterly package, which included bras and thermals. Defendant Allen required Plaintiff to go talk to the sergeant twice regarding this. The sergeant said that Plaintiff could have her items, but Defendant Allen refused to give them. Defendant Allen cancelled two ducats for Plaintiff to get her items. Plaintiff was finally ducated on July 30, 2010. She was made to wait for four hours and fifteen minutes with five others. Plaintiff incorporates her 602 inmate grievance as part of the complaint. A review of the grievance indicates that Plaintiff withdrew her appeal on August 9, 2010, after she received her property.

Plaintiff alleges emotional distress. Plaintiff seeks monetary damages.

**III. Analysis**

Plaintiff's claims arise from deprivation of her property, which implicates the Due Process Clause of the Fourteenth Amendment. The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13

(1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Here, Plaintiff's allegations indicate that Defendant Allen deprived Plaintiff of her property without authorization. Plaintiff is thus alleging an unauthorized, intentional deprivation of property by a state employee. California provides a meaningful post-deprivation remedy. Plaintiff fails to state a claim under the Due Process Clause for deprivation of property.

The Court does not find that Plaintiff will be able to plead additional facts to cure the deficiencies in her complaint. Accordingly, further leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## IV. Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that

1. This action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and
2. This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: April 22, 2011**

**/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE